**KOLLER LAW LLC**
David M. Koller (037082002)                                *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: 215-545-8917
davidk@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CEPHIA HAYES,** <br> **448 East Avenue** <br> **Millville, NJ 08332** <br>         **Plaintiff,** <br> <br> v. <br> <br> **STATE OF NEW JERSEY, DEPARTMENT OF HUMAN SERVICES,** <br> **1676 East Landis Avenue** <br> **Vineland, NJ 08362** <br> <br> **222 S Warrant Street** <br> **Trenton, NJ 08625** <br>         **Defendant.** | **DOCKET NO.** <br> **CIVIL ACTION** <br> <br> **COMPLAINT AND** <br> **JURY DEMAND** |

### COMPLAINT

Plaintiff, Cephia Hayes, by and through her counsel, Koller Law LLC, hereby files this Complaint against Defendant, State of New Jersey, Department of Human Services, alleging violations under the Title VII of the Civil Rights Act of 1964 ("Title VII") and the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-12.  In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Defendant, State of New Jersey, Department of Human Services ("Defendant"), is a state agency with a location at 1676 East Landis Avenue, Vineland, NJ 08362 and with a headquarters located at 222 S Warrant Street, Trenton, NJ 08625.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the New Jersey Law Against Discrimination ("NJLAD").

13. Plaintiff timely filed a Complaint of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination against Defendant.

14. The Complaint of Discrimination was assigned a Charge Number of 524-2019-00486 and was dual filed with the New Jersey Division on Civil Rights ("NJDCR").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Notice") dated August 27, 2020. Plaintiff received the Notice by mail.

16. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Notice this matter.

17. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. In January 2004, Defendant hired Plaintiff for the position of Direct Care Worker.

21. Due to Plaintiff's excellent job performance, Defendant promoted Plaintiff to various positions throughout her tenure of employment, ultimately promoting her to Clerk Typist in or about 2006.

22. At all times relevant hereto, Plaintiff was well-qualified for her position as Clerk Typist and performed her job duties in an exemplary manner.

23. In or about late 2016, Maurice Thompson ("Mr. Thompson"), Supervisor of Professional Residential Services, began to abuse his power and supervisory relationship with Plaintiff to subject her to a hostile work environment through various instances of sexual harassment.

24. By way of example, Mr. Thompson regularly made sexually inappropriate comments to Plaintiff, including, but not limited to, lewd comments about Plaintiff's body and physical appearance. In addition, Mr. Thompson repeatedly requested that she join him outside of the workplace for private dates. As further harassment, Mr. Thompson would signal to Plaintiff a request to engage in oral sex with her by sticking his tongue out of his mouth in a sexual manner.

25. In response thereto, Plaintiff expressed her opposition to Mr. Thompson's unwelcome sexual advances.

26. Notwithstanding same, Mr. Thompson continued to subject Plaintiff to the aforesaid sexually offensive comments and behaviors.

27. Importantly, Defendant's workplace culture fostered and further contributed to the hostile work environment to which Plaintiff was subjected. By way of elaboration, the workplace was

inundated with sexually-offensive comments and conversation, jokes of a sexual nature, and rumors regarding employees' sex lives.

28. Due to Plaintiff's refusal to succumb to Mr. Thompson's demands, in or about January of 2017, Mr. Thompson rescinded Plaintiff's title upgrade in retaliation for denying his sexual advances.

29. Thereafter, Mr. Thompson became more aggressive in his pursuit of Plaintiff, frequently leering at Plaintiff while he made obscene comments, including, but not limited to, "I want to jungle fuck you" and "I want to ride you like a cowboy."

30. Furthermore, Mr. Thompson began subjecting Plaintiff to even more egregious and physical instances of sexual harassment, such as grabbing her by her waist and forcing her sit on his lap, describing sexual acts in which he desired to engage with her, kissing her face and neck, and showing her pornographic images on his cellular telephone.

31. In addition, Mr. Thompson habitually insisted that Plaintiff meet with him behind closed doors in his office to intimidate and isolate Plaintiff, causing her further emotional distress. In connection thereto, Mr. Thompson purposely required Plaintiff to file documents (in the filing system in his office) that he knew had already been filed for the sole purpose of having Plaintiff alone in his office.

32. Notwithstanding Plaintiff's continual denial of Mr. Thompson's unwanted and unwelcome sexual advances, Mr. Thompson refused to cease and desist.

33. Instead, in direct retaliation for rebuffing his advances, Mr. Thompson retaliated against Plaintiff by threatening to issue written warnings and giving her assignments that were well outside of the scope of Plaintiff's job duties.

34. On one occasion, Mr. Thompson even forced Plaintiff to clean property out of an abandoned building because of her failure to comply with his romantic pursuit. Upon information and belief, Mr. Thompson did not request that any similarly situated employees engage in such improper job assignments.

35. Due to the ongoing sexual harassment and retaliation, as aforesaid, Plaintiff registered a complaint with Denise Thompson ("Ms. Thompson"), Unit Director, recounting same.

36. However, rather than take corrective action, Ms. Thompson informed Plaintiff that she needed "proof" of Mr. Thompson's sexual harassment and refused to address her complaint.

37. Significantly, Defendant was already on notice of Mr. Thompson's sexually inappropriate conduct as there had been four (4) previous complaints of sexual harassment against Mr. Thompson.

38. Plaintiff then registered her complaint with Beverly Merritt ("Ms. Merritt"), Unit Director, and with Marcia Jameson, Edward Santiago and Marvin White, ASPRs.  In response, Plaintiff was told that it was her responsibility to "take care of [the hostile work environment]" on her own.

39. As a result of Defendant's failure to take any remedial action, Mr. Thompson continued to subject Plaintiff to pervasive sexual harassment.

40. On October 16, 2018, Plaintiff reported Mr. Thompson's sexual harassment to Matt Hutchinson, AQC, and then discussed her complaint with William Kelly, HR Representative.

41. On October 18, 2018, Plaintiff overheard Mr. Santiago, Mr. White, Ms. Jameson and Ms. Thompson discussing Plaintiff's complaint of sexual harassment, their opinion that she should have taken care of it herself, and how they did not want her to work in their sections as a result.

42. In February of 2019, Defendant allegedly completed an investigation into Plaintiff's complaints, and despite finding that Mr. Thompson had sexually harassed Plaintiff, he was not disciplined, and Plaintiff was still required to work in close proximity to him.

43. At the end of April of 2019, Defendant moved Plaintiff to another floor of the building where she was isolated from her coworkers.

44. From May of 2019 through November of 2019, Plaintiff was on a medical leave of absence due to a workplace injury.

45. During her leave of absence, Plaintiff received a letter dated June 24, 2019, stating that her complaint of sexual harassment against Mr. Thompson was substantiated, yet it also strangely contended that she had engaged in sexual harassment. Plaintiff later received a disciplinary notice dated July 30, 2019, notifying her that her employment was suspended for ten (10) days due to her sitting on Mr. Thompson's lap.

46. Importantly, Mr. Thompson had grabbed Plaintiff and forced her to sit on his lap, and Plaintiff did not engage in any sexually inappropriate and/or harassing conduct. Said discipline was merely issued to Plaintiff in retaliation for registering a complaint of sexual harassment.

47. Additionally, Plaintiff learned that one of Defendant's managers admitted that Defendant intended to have Plaintiff terminated for alleged performance deficiencies due to her complaint against Mr. Thompson.

48. In furtherance of Defendant's plan to terminate Plaintiff's employment, beginning shortly after her return to work, Defendant continued to subject Plaintiff to ongoing discrimination and retaliation based on her gender and/or stated opposition to unlawful sexual harassment in the workplace.

49. By way of elaboration, Defendant has wrongfully forced Plaintiff to utilize unpaid sick days due to the COVID-19 pandemic on multiple occasions. Moreover, Defendant has counted Plaintiff's absences from the aforesaid forced leaves of absence to substantiate the issuance of a 30-day suspension for allegedly exceeding Defendant's attendance point policy.

50. Upon information and belief, similarly situated employees who did not register complaints of sexual harassment, or male employees who registered complaints, were not similarly subjected to such treatment.

51. Plaintiff believes and avers that the Defendant's adverse actions against her, as aforesaid, are being taken against her because of her gender and/or in direct retaliation for her complaints regarding Mr. Thompson's sexual harassment.

## COUNT I – SEX DISCRIMINATION
### (SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT)
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

52. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

53. The foregoing conduct created a sexually hostile work environment for Plaintiff.

54. Defendant condition Plaintiff's employment upon her.

55. Plaintiff suffered intentional discrimination because of her sex.

56. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe and pervasive.

57. The harasser was a supervisor of Plaintiff.

58. The discrimination detrimentally affected Plaintiff.

59. Plaintiff suffered tangible employment actions as alleged herein.

60. *Respondent superior* liability exists such that Defendant is liable for the actions of the supervisor.

61. Defendant knew or should have known of the sexual harassment.

62. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

63. Defendant is not entitled to an affirmative defense.

64. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures.

65. The above described acts of Defendant with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.

66. Said acts of Defendant were committed by and through its management employee within his employment relationship with Defendant.

**WHEREFORE**, Plaintiff, Cephia Hayes, requests that the Court grant her relief against Defendant, State of New Jersey, Department of Human Services, included in the Prayer for Relief, *infra*.

## COUNT II – SEX DISCRIMINATION
### (SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT)
### NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-12

67. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

68. The foregoing conduct created a sexually hostile work environment for Plaintiff.

69. Defendant condition Plaintiff's employment upon her.

70. Plaintiff suffered intentional discrimination because of her sex.

71. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe and pervasive.

72. The harasser was a supervisor of Plaintiff.

9

73. The discrimination detrimentally affected Plaintiff.

74. Plaintiff suffered tangible employment actions as alleged herein.

75. *Respondent superior* liability exists such that Defendant is liable for the actions of the supervisor.

76. Defendant knew or should have known of the sexual harassment.

77. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

78. Defendant is not entitled to an affirmative defense.

79. As a result of Defendant's actions and conduct, Plaintiff has suffered emotional pain and distress, mental anguish, and loss of enjoyment of life's pleasures.

80. The above described acts of Defendant with regard to Plaintiff were egregious and were committed with a malicious, willful, and/or reckless indifference to the federally protected rights of Plaintiff.

81. Said acts of Defendant were committed by and through its management employee within his employment relationship with Defendant.

**WHEREFORE**, Plaintiff, Cephia Hayes, requests that the Court grant her relief against Defendant, State of New Jersey, Department of Human Services, included in the Prayer for Relief, *infra*.

## COUNT III – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

82. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

83. Plaintiff refused sexual advances from a supervisor at Defendant.

84. Plaintiff made internal complaints regarding the sexual harassment.

85. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination as set forth at length herein.

86. There exists a causal connection between Plaintiff's refusal of sexual advances and complaints of sexual harassment and the adverse employment action.

87. Defendant terminated Plaintiff's employment as a result of her refusing sexual advances from a supervisor and complaining of sexual harassment.

88. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff, Cephia Hayes, requests that the Court grant her relief against Defendant, State of New Jersey, Department of Human Services, included in the Prayer for Relief, *infra*

## COUNT IV – RETALIATION
## NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-12

89. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

90. Plaintiff refused sexual advances from a supervisor at Defendant.

91. Plaintiff made internal complaints regarding the sexual harassment.

92. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination as set forth at length herein.

93. There exists a causal connection between Plaintiff's refusal of sexual advances and complaints of sexual harassment and the adverse employment action.

94. Defendant terminated Plaintiff's employment as a result of her refusing sexual advances from a supervisor and complaining of sexual harassment.

95. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff, Cephia Hayes, requests that the Court grant her relief against Defendant, State of New Jersey, Department of Human Services, included in the Prayer for Relief, *infra*.

### Prayer for Relief

**WHEREFORE**, Plaintiff, Cephia Hayes, requests that the Court grant her the following relief against Defendant, State of New Jersey, Department of Human Services:

(a) Compensatory damages;

(b) Punitive damages (where applicable);

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and NJLAD.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from

Plaintiff's record of employment, including, but not limited to, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

   (l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder.

## CERTIFICATION

Pursuant to R. 4:5-1, it is hereby certified that, to the best of my knowledge, the matter in controversy is not subject of any other action pending in court or arbitration proceedings, and no other action is contemplated. I hereby also certify that to the best of my knowledge, and after diligent inquiry, the statements in the allegations made in the Complaint are true and correct. I understand that if any of the foregoing is willfully false, I am subject to punishment.

## JURY DEMAND

The Plaintiff hereby demands trial by jury as to all issues and counts.

               Respectfully Submitted,

               **KOLLER LAW LLC**

               */s/ David M. Koller*

Dated: November 24, 2020     David M. Koller, Esquire
               2043 Locust Street, Suite 1B
               Philadelphia, PA 19103
               (t) 215-545-8917
               (f) 215-575-0826
               davidk@kollerlawfirm.com

               *Counsel for Plaintiff*