UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CEPHIA HAYES,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF NEW JERSEY, DEPARTMENT OF HUMAN SERVICES,<br><br>    Defendant. | Civil Action<br>No. 1:20-CV-17075-KMW-MJS<br><br>**OPINION** |

David M. Koller, Esquire
Jordan D. Santo, Esquire
Koller Law, LLC
2043 Locust Street, Suite 1-B
Philadelphia, PA 19103

   *Counsel for Plaintiff Cephia Hayes*

James M. Duttera, Esquire
State of New Jersey
Office of the Attorney General
25 Market Street
Trenton, NJ 08625

   *Counsel for Defendant State of New Jersey, Department of Human Services*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

  Plaintiff Cephia Hayes ("Plaintiff") brings this action against her employer, the New Jersey Department of Human Services ("Defendant"), in which she asserts claims for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e,

1

*et seq.*, as well as the New Jersey Law Against Discrimination (the "NJLAD"), N.J.S.A. §§ 10:5-1, *et seq.*

Presently before the Court is Defendant's Motion for Summary Judgment brought pursuant to Fed. R. Civ. P. 56, which Plaintiff opposes. For the reasons set forth below, Defendant's Motion is granted.

## II.   BACKGROUND

At all relevant times, Plaintiff was employed by Defendant as a clerk typist. *See* Def.'s Statement of Material Facts ("Def.'s SMF") ¶¶ 1–2. In 2016, Plaintiff alleges that her supervisor began sexually harassing her, and continued to do so through 2018. *See id.* ¶¶ 5–8. Throughout this period, Plaintiff alleges various instances in which her supervisor retaliated against her for having refused his advances. *See id.* In September 2018, Plaintiff detailed this alleged harassment in a memorandum and submitted it to Defendant's human resources manager. *See id.* ¶ 10. Defendant conducted an internal investigation, but ultimately found that both Plaintiff and the supervisor had committed workplace violations related to sexual harassment. *See id.* ¶¶ 20–21. Plaintiff not only disputes this finding, but also claims that Defendant permitted the sexually hostile work environment and retaliated against her for having complained in the first place. *See* Compl. ¶¶ 39–51.

Though these facts form the basis of Plaintiff's claims, the relevant facts implicated by Defendant's Motion are largely procedural. On October 29, 2019, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (the "EEOC"). *See* Def.'s SMF ¶ 22; *see also* Def.'s Ex. J. However, on March 11, 2020, the EEOC issued to Plaintiff a "Dismissal and Notice of Rights," often called a "right-to-sue letter," which informed Plaintiff that the EEOC was unable to conclude that a violation of Title VII had occurred, and that it was

2

dismissing Plaintiff's charge as a result. *See* Def.'s SMF ¶ 27; *see also* Def.'s Ex. K. The timing of this notice is critical, as a plaintiff's receipt of it triggers a ninety-day limitations period during which a plaintiff must bring her claims to court, or else forfeit them.

In the instant Motion for Summary Judgment, Defendant argues that Plaintiff's Title VII claims are time-barred. More specifically, Defendant points to the law's presumption that Plaintiff received the EEOC's letter three days after it was issued, or March 14, 2020. Counting the ninety-day deadline from the date of her presumed receipt, Plaintiff was required to bring this lawsuit by June 12, 2020. However, Plaintiff did not file her Complaint until November 24, 2020—over five months after the statutory deadline had passed.

However, this three-day presumption of receipt is a rebuttable one. Indeed, a plaintiff may raise a triable issue of fact and defeat summary judgment where she submits evidence showing that she never in fact received the EEOC's notice. *See Silla v. Holdings Acquisition Co LP*, No. 20-3556, 2021 WL 4206169, at *2 (3d Cir. Sept. 16, 2021). To this end, Plaintiff's Opposition attaches an affidavit certifying that she did not receive a copy of the right-to-sue letter until her attorney's office first obtained it from the EEOC on August 27, 2020. (ECF No. 27-5). Plaintiff also submits an affidavit from her attorney's office manager, Colleen Tanenbaum, similarly certifying that the firm never received the right-to-sue letter. (ECF No. 27-6). Additionally, Ms. Tanenbaum states that she emailed the EEOC to request a right-to-sue letter on August 27, 2020, but was informed that the EEOC had in fact issued the letter months earlier. Regardless, Ms. Tanenbaum avers that the EEOC attached a copy of the March 11, 2020 right-to-sue letter in its

response to her email this same day, and that this was the first time Plaintiff's counsel had ever received it.[1]

The same day that Plaintiff filed her Opposition, counsel for Defendant contacted the EEOC investigator assigned to Plaintiff's administrative action and informed her that Plaintiff was denying receipt of the agency's right-to-sue letter. (ECF No. 31-1). At the request of Defendant's counsel, the agency has produced various email communications between the EEOC and Plaintiff's counsel which, according to Defendant, demonstrate that the latter was in fact notified of both the agency's March 11, 2020 decision, as well as the issuance of the right-to-sue letter this same day. Thus, Defendant reasons that even if Plaintiff did not receive a copy of the right-to-sue letter until August 27, 2020, her attorney knew of the EEOC's decision on March 11, 2020, and that this was sufficient to commence the ninety-day limitations period.

Recognizing that this newly presented evidence was potentially dispositive of Plaintiff's Title VII claims, the Court *sua sponte* granted Plaintiff leave to submit a Sur-Reply, which was duly filed on February 6, 2023. Defendant's Motion is thus ripe for disposition.

### III.   STANDARD OF REVIEW

A court may grant summary judgment when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Lang v. New York Life Ins. Co.*, 721 F.2d 118, 119 (3d Cir. 1983). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also M.S.*

---

[1] Interestingly, Plaintiff's Complaint alleges that the EEOC "issued Plaintiff a Dismissal and Notice of Rights [ ] dated August 27, 2020," and that Plaintiff "received the Notice by mail." Compl. ¶ 15. Yet, the evidence Plaintiff now offers demonstrates that this initial allegation was patently false.

4

*by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) ("A fact is material if—taken as true—it would affect the outcome of the case under governing law.").

Moreover, "[a] dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Santini*, 795 F.3d at 416 (quoting *Anderson*, 477 U.S. at 248). The moving party bears the burden of identifying portions of the record that establish the absence of a genuine issue of material fact. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then "shifts to the nonmoving party to go beyond the pleadings and 'come forward with 'specific facts showing that there is a *genuine issue for trial*.''" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). To survive a motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *Anderson*, 477 U.S. at 256–57. "A nonmoving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" *Trap Rock Indus., Inc. v. local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). When considering a motion for summary judgment, the court views the facts and all reasonable inferences drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

## IV.   DISCUSSION

Defendant's Motion for Summary Judgment raises a narrow question of law, namely whether Plaintiff's Title VII Claims are time-barred. Though Plaintiff has also brought similar claims under the NJLAD, these too hang in the balance. If summary judgment is warranted as to Plaintiff's Title VII claims, the Court would be deprived of pendant jurisdiction over any

remaining state law claim due to Defendant's sovereign immunity as a state entity. *See* Part IV(B), *infra*. With this in mind, the Court first addresses the timeliness of Plaintiff's Title VII claims.

### A. **Plaintiff's Title VII Claims**

#### 1. *Title VII's Limitations Period*

Before initiating a private action in federal court under Title VII, plaintiffs are first required to file a charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e–5(e)(1). If the EEOC declines to pursue a plaintiff's charge, it "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought." *Id.* § 2000e–5(f)(1). "[T]he time for the filing of a complaint begins to run when the plaintiff has notice of the EEOC's decision," which "usually occurs" on the date that either plaintiff or her attorney receives a right-to-sue letter from the agency, whichever is earlier. *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999); *see also Carter v. Potter*, 258 F. App'x 475, 478 (3d Cir. 2007). The Third Circuit has "strictly construed the [ninety]–day period and [has] held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed." *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).

The defendant, as the party challenging the timeliness of a plaintiff's Title VII claims, bears the burden of proving every element of its defense, which includes the plaintiff's receipt of the EEOC's right-to-sue letter and, by extension, the date on which the limitations period commenced. *See Vazquez v. Caesar's Paradise Stream Resort*, 524 F. App'x 831, 834 (3d Cir. 2013). "When the actual date of receipt is known, that date controls." *Seitzinger*, 165 F.3d at 239. However, when "the actual date of receipt is unknown, courts will presume receipt took place three days after the EEOC mailed it." *Edwards v. Bay State Milling Co.*, 519 F. App'x 746, 748 (3d Cir. 2013); *see also* Fed. R. Civ. P. 6(d). Under circumstances where courts are asked to rely on the three-day

6

presumption, the amount of evidence required to rebut it and stave off summary judgment is "minimal." *Cappuccio v. Prime Capital Funding LLC*, 649 F.3d 180, 189 (3d Cir.2011). Indeed, even "a single, non-conclusory affidavit or witness's testimony, when based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment." *Vazquez*, 524 F. App'x at 834 (internal quotation marks omitted).

### 2. *The EEOC's March 11, 2020 Email Notice*

Here, the Parties do not dispute that the EEOC issued a right-to-sue letter on March 11, 2020. Rather, Plaintiff maintains that neither she nor her attorney received it until August 27, 2020, and that her Title VII claims were thus timely filed. However, to obviate any reliance on the three-day presumption, Defendant has since obtained from the EEOC an email it had sent to Plaintiff's counsel, David Koller, demonstrating that he had, in fact, received prior notice of the agency's decision. On March 11, 2020—the same day the right-to-sue letter was issued—EEOC investigator Unique Austin ("Austin") informed Mr. Koller that the agency was unable to conclude that a violation of Title VII has occurred, and that it would not pursue Plaintiff's claims as a result. (ECF No. 31-6 at 2). Mr. Koller's receipt of Austin's email is not in dispute, as he had replied to Austin shortly thereafter requesting an explanation as to why the agency reached its decision.[2]

While the Parties do not deny the existence or contents of this email, they do dispute its legal import. Thus, the Court considers whether this correspondence constituted sufficient "notice" of the EEOC's decision so as to commence Title VII's ninety-day limitations period on March 11,

---

[2] In response to counsel's inquiry, Austin stated that the EEOC's decision "was based on the available evidence." (ECF No. 31-6 at 1). Though, Austin also cited to counsel's failure to pursue Plaintiff's charges as a factor that influenced the agency's determination: "Respondent submitted its position statement on January 28, 2020, to which you along with your client received an electronic notification information you [sic] of the same. This notification explains that to receive a copy, you should log into the online portal and request so. Your client requested to receive a copy of the position statement and it was released the same day, to which both you and your client were sent an electronic notification explaining that it was now available for view. The rebuttal response was due by February 17, 2020, as indicated within the portal." (*Id.*).

7

2020. Turning first to the statute, the Court notes that the plain language of Title VII "offers no specific command about [the] form or content" of the EEOC's notice to litigants, much less require that such notice embody a right-to-sue letter. *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 109 (3d Cir. 2003). Rather, Title VII only requires the agency to "notify the person aggrieved," and indicates that the ninety-day period begins to run upon receipt of said notice. 42 U.S.C. § 2000e-5(f)(1). For this reason, courts have long observed that other forms of notice—even oral notice—can initiate Title VII's period. *See Ebbert*, 319 F.3d 1 at 115–16; *see also Ball v. Abbott Advertising, Inc.*, 864 F.2d 419, 421 (6th Cir. 1988).

While Plaintiff acknowledges that other forms of notice may be acceptable under certain circumstances, she submits that this specific correspondence misses the mark. Specifically, Plaintiff argues that the EEOC email contained several ambiguities that could not have reasonably placed Mr. Koller on notice that the agency had reached a decision. Plaintiff first argues that the email failed to "specifically state that the matter was closed," and thus did not adequately convey to Mr. Koller the date on which the limitations period would begin to run. Pl.'s Sur-Reply at 1. But this argument ignores that "the time for the filing of a complaint begins to run when the plaintiff has *notice of the EEOC's decision*"—not when the EEOC administratively marks the matter as "closed." *Seitzinger*, 165 F.3d at 239 (emphasis added). Similarly, Plaintiff also submits that the email did not "provide adequate notice of the timeframe for which Plaintiff would need to file her charge," which is something a right-to-sue letter would have done. Pl.'s Sur-Reply at 1–2. To this end, Plaintiff cites to *Ebbert v. DaimlerChrysler Corp.*, presumably for the proposition that Austin's email was not as "complete" as a right-to-sue letter, and thus did not constitute proper notice. *See* 319 F.3d at 116.

But *Ebbert* is readily distinguishable from this case, both in law and in fact. Like Plaintiff here, the plaintiff in *Ebbert* also maintained that she had never received the EEOC's right-to-sue letter. *See id.* at 106. Months after the letter had been issued, the plaintiff contacted the EEOC for a status update on her discrimination charge, but was informed during a phone conversation with an EEOC representative that her case was dismissed and that the right-to-sue letter had long been issued. *See id.* In the absence of any evidence that the plaintiff had received the right-to-sue letter, the defendant employer argued that the filling period commenced on the date of plaintiff's telephone call. *See id.* The Third Circuit—though acknowledging that oral notice can indeed trigger the limitations period—held that it was insufficient under the circumstances because there was no proof that the plaintiff knew that the "statute of limitations period would start as a result of her phone conversations with the EEOC." *Id.* at 116. Thus, if another form of notice is to suffice, the court held that it must be "just as complete as written notice." *Id.*

To the extent Plaintiff here relies on *Ebbert*, she overlooks a critically distinguishing detail—the plaintiff there was not represented by an attorney. A closer reading of *Ebbert* reveals that the court required "complete" notice only in light of the unique circumstances the case presented, namely that the "the recipient of [the] oral notice [was] a layperson, not an attorney." *Id.* at 116 n.16. The narrowness of *Ebbert*'s holding is confirmed where the court expressly contrasted that situation to others where a plaintiff is represented by counsel, who is presumed to have "the knowledge of the contents of a typical 'right to sue' letter, or thought to understand the need to inquire about the start date for the limitations period." *Id.* The facts of this case more readily align with the latter scenario.

Here, the EEOC's March 11, 2020 email to Plaintiff's counsel was more than sufficient. It not only informed him that (1) Plaintiff's charge did not establish a violation of Title VII, but also

(2) the EEOC would be dismissing her claims. This is all the statute requires. That the notice did not come in a more familiar form is of no consequence because it fell into the hands of Plaintiff's counsel, who is "presumed to understand its significance, including the time limitations involved." *Hruska v. Vacation Charters, Ltd.*, No. 3:06-CV-1672, 2009 WL 223865, at *4 (M.D. Pa. Jan. 27, 2009) (relying on *Ebbert*) (noting that plaintiff's counsel "required no comparable explanation" of plaintiff's rights).[3] Thus, under these circumstances, "[i]t simply would not make sense to force courts and defendants to wait for a specific form of notice in situations where a plaintiff [or her attorney] is fully aware of the deadline he or she must meet to prosecute a lawsuit." *Ebbert*, 319 F.3d at 116.

In conclusion, the Court finds that the EEOC's March 11, 2020 email correspondence properly placed Plaintiff's counsel—and by extension, Plaintiff—on notice of the agency's decision.[4] Title VII thus required Plaintiff to initiate this action on or before June 9, 2020. Plaintiff,

---

[3] Separately, the Court notes a portion of Austin's email to Mr. Koller which states, in part: "[W]e will issue you a Dismissal and Notice of rights, which will enable you to file suit in U.S. District Court within 90 days of your receipt of that Notice if you wish to pursue this matter." (ECF No. 31-6 at 1). Plaintiff argues that Austin's email thus created "a condition precedent for Plaintiff's 90-day clock to begin running." Pl.'s Sur-Reply at 2. Plaintiff cites to no authority to support this proposition, likely because no such authority exists. It is well-settled that the EEOC does not have authority "to control the circumstances under which federal courts can[ ] dismiss complaints for late filing." *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 110 (3d Cir. 2003) (declining to extend *Chevron* deference to EEOC regulation concerning the sufficiency of notice for purposes of determining timeliness of claims); *see also Carter v. Potter*, 258 F. App'x 475, 479 (3d Cir. 2007) (reiterating that the EEOC does not "control the computation of time for filing an action in federal court"). Thus, the notion that the EEOC, or even one of its employees, can somehow override the ninety-day statutory period is misguided and evinces nothing more than a mistake of law, which is not a proper argument. *See Dixon Ticonderoga Co. v. Est. of O'Co*nnor, 248 F.3d 151, 173 (3d Cir. 2001) ("[A] lawyer has a specific duty to research, monitor, and advise his or her clients about statutes of limitations.").

[4] However, even if the Court were to overlook the March 11, 2020 email, summary judgment would still be warranted for a separate reason. When Mr. Koller's office manager first requested a copy of Plaintiff's right-to-sue letter on August 27, 2020, EEOC supervisory investigator Dilip Gokhale ("Gokhale") informed her that the letter had not only been mailed to Mr. Koller months earlier on March 11, 2020, but that it had also been issued to Mr. Koller through the EEOC's online portal this same day. (ECF No. 31-2 at 1). What is more, Gokhale indicated that Mr. Koller had been a registered user of the portal since November 13, 2019, and confirmed that he could have easily retrieved the letter at any time. Thus, even assuming that the EEOC's March 11, 2020 correspondence did not place Mr. Koller on actual notice, the fact that he evidently let the right-to-sue letter languish in the EEOC portal for over five months is sufficient to find that he was on constructive notice of the agency's decision. *See McNaney v. Sampson & Morris Grp., Inc.*, No. 2:21-CV-1809, 2022 WL 1017388, at *3 (W.D. Pa. Apr. 5, 2022) (holding that the ninety-day period "began to run . . . when the EEOC emailed counsel to notify him that a decision had been made in Plaintiff's case and provided him [online] access to that decision").

10

however, did not file her Complaint until November 24, 2020—168 days after the deadline had passed. Because Plaintiff's claims are time-barred, Defendant's Motion for Summary Judgment is therefore granted.[5]

### B. Plaintiff's NJLAD Claims

Having disposed of Plaintiff's federal law claims, the Court must next determine whether it may exercise supplemental jurisdiction over Plaintiff's state law claims. Generally speaking, when a district court has original jurisdiction over any claim, the court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). District courts do not, however, have "jurisdiction to hear supplemental state law claims against sovereign entities absent consent by the entity to suit in federal court." *Garcia v. Richard Stockton Coll. of New Jersey*, 210 F. Supp. 2d 545, 550 (D.N.J. 2002) (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002)); *see also Balsam v. Sec'y of New Jersey*, 607 F. App'x 177, 183 (3d Cir. 2015) ("[T]he supplemental jurisdiction statute, 28 U.S.C. § 1367, does not authorize district courts to exercise jurisdiction over claims against non-consenting States.").

Here, neither the State of Jersey nor Defendant has consented to be sued under the NJLAD in federal court:

> [W]hile the NJLAD identifies the State and its alter egos as potential defendants in their capacity as an "employer," *see* [N.J. Stat. Ann.] § 10:5-5(e), the statute only authorizes the initiation of suits under the NJLAD "in [New Jersey] Superior Court." *Id.* § 10:5-13. Accordingly, because waiver only exists "where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction," [*Edelman v. Jordan*, 415 U.S. 651, 673 (1974)], . . . the State of New Jersey retains its Eleventh Amendment immunity.

---

[5] The Court does not consider the application of equitable tolling because Plaintiff has conceded that it does not apply here.

11

*Rich v. New Jersey*, No. 14-2075, 2015 WL 2226029, at *7 (D.N.J. May 12, 2015).

For these reasons, the Court dismisses Plaintiff's remaining NJLAD claims for lack of subject matter jurisdiction, but does so without prejudice so that Plaintiff may pursue her claims in a court of competent jurisdiction, specifically the New Jersey Superior Court. *See Bennet v. Atlantic City*, 288 F. Supp. 2d 675, 683 (D.N.J. 2003).

## V.     CONCLUSION

For all of the reasons set forth above, Defendant's Motion for Summary Judgment is granted, but only with respect to Plaintiff's claims for sexual harassment and retaliation under Title VII. Plaintiff's remaining state law claims are dismissed without prejudice.

Dated: April 19, 2023

                                                      */s/ Karen M. Williams*
                                                      KAREN M. WILLIAMS
                                                      United States District Judge